UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GLOBAL CREDITORS CORP. d/b/a GLOBAL CREDITORS NETWORK, | : : : : | |
| Plaintiff, | : : : | Civil Action No. 2:13-184 (FSH) |
| v. | : : : | |
| DIAMOND LOGISTICS, INC., | : : | REPORT AND RECOMMENDATION |
| Defendant. | : : : | |

**HAMMER, United States Magistrate Judge**

**I.    INTRODUCTION**

This matter is before the Court by way of plaintiff Global Creditors Corp.'s ("Plaintiff") motion to strike the answer of defendant Diamond Logistics, Inc. ("Defendant") for violating Fed. R. Civ. P. 16 and Fed. R. Civ. P. 37 and to enter default and default judgment upon Defendant pursuant to Fed. R. Civ. P. 55.  Pl.'s Mot. to Strike Def.'s Answer and Enter Default, D.E. 40. Plaintiff bases its motion on Defendant's failure to provide discovery as ordered by this Court. See Order, D.E. 36.  Pursuant to Local Civil Rule 72.1, the Honorable Faith S. Hochberg, United States District Judge, referred the motion to the Undersigned for Report and Recommendation. Defendant did not oppose or otherwise respond to the motion, despite Plaintiff having served the application on Defendant at its address of record.  Certificate of Service, D.E. 40, at 4.  The Court considered this motion without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, the Undersigned recommends that the Court grant Plaintiff's motion to strike Defendant's Answer and enter default.  The Undersigned further respectfully recommends that the

1

Court deny Plaintiff's motion to enter default judgment without prejudice to Plaintiff's right to renew that motion, on notice to Defendant, after default has been entered.

## II.     BACKGROUND

### A.     Factual Background and Procedural History

On December 6, 2012, Plaintiff filed a complaint in New Jersey Superior Court, Middlesex County, Law Division, Special Civil Part against Defendant alleging a collections claim of $11,666.00.  See Compl., D.E. 1, at 2.  Acting as the assignee of All Phase Logistics Inc. ("APL"), Plaintiff alleged that APL had performed motor-carrier services for Defendant from June 4, 2011 to March 16, 2012, but that Defendant had failed to make payment pursuant to the parties' contract.

Defendant removed the matter to the Court, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1]  See Notice of Removal, D.E. 1.  Defendant answered on March 6, 2013.  See Answer, D.E. 9.  On July 1, 2013, Plaintiff propounded a First Set of Interrogatories and Notice to Produce Documents on Defendant.  See Certification of Anthony Sarno, Jr., Esq. ("Sarno Cert."), D.E. 40, at ¶ 3.

In October 2013, defense counsel moved to withdraw from this matter.  In support of the motion, defense counsel stated in pertinent part as follows:

> 3.    The client, Diamond Logistics, Inc. (the "Client") has failed to communicate or respond regarding a matter material to this firm's representation of the client.
>
> 4.    Representatives of this law firm have written to the Client on numerous occasions and have received no response.  The Client has since terminated his relationship with our firm and asked us to no longer serve as its legal counsel.

---

[1] Defendant asserted that federal law, including the Interstate Commerce Act, 49 U.S.C. § 10101, governed this matter because APL was acting as a common carrier in interstate commerce.  Notice of Removal, D.E. 1, ¶¶10-11.

2

Certif. of Thomas C. Martin, Esq., D.E. 26-1, ¶¶3-4. On November 7, 2013, the Court granted the motion. Order, D.E. 29. To afford Defendant, a corporate entity, the ability to retain new counsel, the Court stayed this matter until December 23, 2013. Id.

Defendant did not retain new counsel. On February 21, 2014, Plaintiff filed a motion to compel Defendant to answer discovery requests. See Pl.'s Mot. to Compel Discovery Answers, D.E. 30-1. Defendant did not oppose the motion. The Court scheduled a status conference for March 31, 2014, and made clear that in-person attendance was mandatory. Order, D.E. 34. However, no representative of Defendant appeared at the conference.

The Court granted Plaintiff's motion and gave Defendant until April 30, 2014 to provide answers to Plaintiff's First Set of Interrogatories and Notice to Produce Documents. See Order, D.E. 36. The Court instructed that if Defendant failed to provide answers to the outstanding discovery, Plaintiff could move for an order striking Defendant's answers and defenses, for entry of default, and then, if appropriate, default judgment. Id. On April 1, 2014, Plaintiff served a copy of the March 31, 2014, Order on Defendant. See Sarno Cert., D.E. 40, ¶5. However, Defendant failed to respond to Plaintiff or to serve the required discovery responses. Id. ¶6. This motion followed.[2]

**III. DISCUSSION**

---

[2] Plaintiff originally moved to strike Defendant's Answer, for default, and for default judgment on or about May 9, 2014. D.E. 37. The Court administratively terminated that motion without prejudice because Plaintiff failed to provide sufficient supporting documentation. Order, D.E. 39. On July 16, 2014, Plaintiff filed the instant motion. D.E. 40. Plaintiff served a copy of the instant motion on Defendant. Certification of Service, D.E. 40.

3

Federal Rule of Civil Procedure 37(b)(2)(A) provides, in pertinent part, that "if a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," which include "(iii) striking pleadings in whole or in part" and "(vi) rendering a default judgment against the disobedient party." Relatedly, under Federal Rule 16(f)(1), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate— or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order."

The Third Circuit Court of Appeals has identified six factors for courts to evaluate when deciding whether to impose the sanctions of default and default judgment. Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merits of the claim or defense. Id. No particular Poulis factor is controlling. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Thus, the decision whether to dismiss is left to the court's broad discretion. Id. at 221-22.

Here, with respect to the first Poulis factor, the Court finds that Defendant is personally responsible for its failure to provide discovery. Defendant voluntarily dismissed its defense counsel. See Sarno Cert., D.E. 26-1, at 1. Thus, Defendant chose to terminate its attorney without having new counsel and, consequently, was fully aware that it was no longer represented by counsel in this matter. See id. "It is well established that corporate entities may not proceed in a civil action in the Federal Courts without counsel." Opta Sys., LLC v. Daewoo Electronics

4

America, 483 F. Supp. 2d 400, 406 (D.N.J. April 4, 2007); see also Simbraw v. U.S., 367 F.2d 373, 374 (3d Cir. 1996) (holding that corporations cannot represent themselves *pro se*); Carolee, LLC v. Efashion Solutions, LLC, 2013 WL 3336789, at *1–3 (D.N.J. July 2, 2013) (adopting report and recommendation to strike answer and enter default judgment against corporate defendant who failed to retain counsel). Defendant has been on notice since November 6, 2013, when the Court granted its former counsel's motion to withdraw, that it would need to retain new counsel. See Order, D.E. 26. Indeed, the Court stayed the case until December 23, 2013 to give Defendant adequate time to retain new counsel. See Order, D.E. 29. But Defendant failed to retain counsel, to advise the Court of its intent to do so, to seek additional time to retain counsel, or to communicate with this Court in any manner. Approximately nine months have passed since the Court discharged former defense counsel, yet Defendant has neither retained new counsel nor communicated any intent to do so, nor requested additional time to do so.

In addition, Defendant cannot claim that it was unaware of its responsibilities in this litigation. The Pretrial Scheduling Order filed on June 4, 2013 [D.E. 15] provided notice of the parties' discovery obligations and deadlines for compliance, and specifically instructed that failure to comply may result in sanctions. Pretrial Scheduling Order, D.E. 15, ¶¶7-8, 31. The withdrawal of defense counsel necessitated adjourning those deadlines, but merely stayed the case until December 23, 2013, and did not relieve Defendant of its obligation to respond to discovery. Order, D.E. 29. Plaintiff served a First Set of Interrogatories and Notice to Produce Documents on Defendant. On April 1, 2014, Defendant was also served with a copy of the Court's order compelling discovery. That followed the failure of Defendant to produce a representative to appear at the March 31, 2014, conference, despite the clear requirements of the March 25, 2014, Order. Order, D.E. 34. To date, however, Defendant has not provided discovery or responded in any

manner to Plaintiff's requests. On May 9, 2014, copies of the prior notice of motion were served upon Defendant. See Cert. of Service, D.E. 37, at ¶ 1-2. On July 16, 2014, notice of the instant motion was similarly served. See Sarno Cert., D.E. 40, at ¶ 1-2. Thus, despite ample notice and fair opportunity to obtain counsel, oppose the instant motion, or otherwise contact the Court to request an adjournment of the motion until counsel is obtained, Defendant did not file an opposition brief, contact the Court, or acknowledge the pending motion in any way.

The second Poulis factor also weighs heavily in favor of granting Plaintiff's motion because Defendant's refusal to engage in discovery prejudices Plaintiff's ability to litigate the case. Due to Defendant's unresponsiveness, Plaintiff has been forced to file several motions and to expend valuable time and resources in an effort to procure relevant discovery and advance this matter. See Hoxworth v. Blinder Robinson & Co., Inc., 980 F.2d 912, 920 (3d Cir. 1992); Ramada Worldwide Inc. v. NPR Hospitality Inc., Civ. No. 06-4966, 2008 WL 163641, at *4 (D.N.J. Jan. 16, 2008) (finding prejudice where a party "fail[ed] to comply with the court orders and participate in [the] litigation"). Here, Defendant has failed to participate in the litigation since the dismissal of its counsel. For example, it failed to prepare or submit the joint discovery plan, it neglected to appear for or participate in the March 31, 2014 status conference, and it did not file any papers in opposition to Plaintiff's instant motion. These repeated failures by Defendant have prejudiced Plaintiff by forcing it to expend unnecessary time and resources. As a result, the Court finds that the second Poulis factor supports granting Plaintiff's motion.

The third Poulis factor is also satisfied because there is a history of dilatoriness on the part of Defendant. Defendant's neglect is particularly flagrant in light of the Court's Order to Compel Discovery, its failure to appear for the March 31, 2014, conference, and its failure to communicate

with the Plaintiff's counsel or the Court in any manner since November 2013.  Such dilatoriness weighs in favor of granting the instant motion.

The Court also concludes from the record that Defendant's failure to comply with the Court's orders and its discovery obligations has been willful, thereby satisfying the fourth Poulis factor.  See Ramada, 2008 WL 163641, at *4-5 (characterizing the defendant's non-compliance with a court order as "willful" conduct).  No evidence suggests that Defendant's failure to produce discovery or comply with Court orders is a result of neglect, mistake, or inadvertence.  Defendant was served with a copy of the Complaint on December 12, 2012 and filed an Answer on March 5, 2013.  See Notice of Removal, D.E. 1; Answer, D.E. 9.  After filing its Answer, Defendant's counsel attended pre-trial conferences until the settlement conference on November 6, 2013, during which his motion to withdraw was granted.  See Order, D.E. 29.  No representative of the Defendant has since appeared or participated in any of the aforementioned conferences set by the Court, despite being served adequate notice.  As Burns was present at the November 6, 2013, conference, Defendant was clearly on notice that it had to retain new counsel and that this matter would proceed after a temporary stay.  Further, Defendant has neither sought additional time to retain new counsel, nor indicated any intention to retain new counsel, nor responded to the Plaintiff's or Court's attempts to move this litigation to completion.  Rather, it has been completely unresponsive despite the service of multiple Orders and motions.  Thus, Defendant's "willful" conduct weighs in favor of granting the motion.

Moreover, because Defendant has not participated in the case, the Court concludes alternative sanctions would not compel Defendant to provide discovery, rendering the fifth Poulis factor in Plaintiff's favor.  See First Franklin Fin. Corp. v. Rainbow Mortg. Corp., Inc., Civ. No. 07-5440 (JBS), 2010 WL 4923341, at *6 (D.N.J. Oct. 19, 2010).  Indeed, given Defendant's failure

to participate in the March 31, 2014 conference, failure to comply with its discovery obligations, failure to comply with this Court's orders, and failure to respond to Plaintiff's motion, the Court concludes that alternative sanctions would be futile. Finally, the Court concludes that the sixth Poulis factor is neutral and non-dispositive because both parties' positions appear reasonable from the pleadings. Hoxworth, 980 F.2d at 922.

      On balance, then, application of the Poulis factors to this case persuades the Court that it is appropriate to strike Defendant's Answer and enter default against Defendant.[3] The Court acknowledges that striking an answer and entering default are severe measures reserved for extreme cases. See Poulis, 747 F.2d at 867-68 (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976)). But Defendant's consistent disregard for its responsibility to participate actively in the case, despite myriad opportunities to do so, and the lack of any meaningful alternative, warrant such sanctions in this matter. See Nat'l Hockey League, 427 U.S. at 643 (finding "the most severe in the spectrum of sanctions . . . must be available . . . in

---

[3] Plaintiff also seeks the Court to enter default judgment at this time. Under Federal Rule of Civil Procedure 55(b)(2), the party seeking default judgment must apply to the Court, and provide to the defaulting party "written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). The party seeking default judgment must prove its damages "with a 'reasonable certainty.'" Alexandru v. Brown, No. 11-cv-2157, 2012 WL 2319246, at *3 (E.D.N.Y. Feb. 16, 2012) (quoting Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). In this case, Plaintiff has provided notice of the motion to strike, for default, and for default judgment to Defendant. Plaintiff also submitted the Certification of Isaac Cohen and attachments thereto to support its argument that damages total $11,660.00 and costs total $141.94. Certification of Isaac Cohen, D.E. 40-1; Sarno Cert., D.E. 40. However, the prior application was terminated for failure to submit sufficient supporting documentation. Order, D.E. 39. In order to avoid uncertainty regarding whether notice to Defendant of the specific application for default judgment and basis for the assertion of a sum certain was sufficient under Rule 55(b)(2), the Court recommends allowing Plaintiff to renew the motion, on notice to Defendant, for default judgment after the Answer is stricken and default is entered. The Court takes no position at this time regarding whether Plaintiff has demonstrated its damages to a reasonable certainty.

appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"); Parker v. Pennstar Bank, NBT, 436 F. App'x 124, 125-27 (3d Cir. 2011) (dismissing plaintiff's complaint based on failing to comply with court-ordered discovery and "flout[ing] the magistrate judge's orders").

### IV.     CONCLUSION

For the reasons stated above, the Undersigned respectfully recommends that the Court grant Plaintiff's motion to strike Defendant's Answer and enter default. The Undersigned further recommends that the Court deny Plaintiff's application for default judgment without prejudice to Plaintiff's right to renew the motion, after default has been entered and on notice to Defendant.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c)(2).


Date: August 6, 2014                    *s/Michael A. Hammer*
                                        **UNITED STATES MAGISTRATE JUDGE**

9